**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ELFRIDA JOHNSON                              CIVIL ACTION NO. 23-1818

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

FEDERAL EMERGENCY                            MAGISTRATE JUDGE MCCLUSKY
MANAGEMENT AGENCY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss for Lack of Jurisdiction and, alternatively, a Motion to Dismiss for Failure to State a Claim filed by Defendant Federal Emergency Management Agency ("FEMA").[1] See Record Document 18. Specifically, FEMA asks this Court to dismiss Plaintiff Elfrida Johnson's (Johnson) Complaint in its entirety. See id. at 1. Johnson opposed. See Record Document 20. FEMA did not reply. For the reasons stated below, FEMA's Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1) (Record Document 18) is **GRANTED**. All claims asserted by Johnson against FEMA are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Johnson, a pro se plaintiff, brought this action against the Department of Veterans' Affairs pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"), alleging that FEMA gives less financial assistance to black people than white people. See Record Document 18-1 at 1. Johnson mentions rental assistance, personal property, and a New York Times article that discusses FEMA's Individual Assistance (IA) program. See id.; see also

---

[1] The Court recognizes that by suing FEMA, a federal agency, Johnson has instituted suit against the United States; however, for clarity, the Court will reference FEMA as the Defendant.

Record Document 1 at 3–4. It seems she is alleging racial discrimination in how FEMA distributes financial assistance under its IA program. See Record Document 18-1 at 1.

## LAW AND ANALYSIS

### I. Dismissal Standards.

"Under Federal Rule of Civil Procedure 12(b)(1), a claim is '"properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim.'" Turner v. Scott, No. 18-00998, 2019 WL 3771751, at *1 (M.D. La. Aug. 9, 2019) (quoting In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F. 3d 281, 286 (5th Cir. 2012) (quoting Home Builders Ass'n v. City of Madison, 143 F. 3d 1006, 1010 (5th Cir. 1998))). Furthermore, "[a] motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." Id. (citing Benton v. U.S., 960 F. 2d 19, 21 (5th Cir. 1992)). The party asserting jurisdiction has the burden of proof under Rule 12(b)(1). Wells v. Dep't of Children and Family Servs., No. 23-354, 2024 WL 3319925, at *2 (M.D. La. Jan. 24, 2024). See Celestine v. TransWood. Inc., 467 Fed. Appx. 317, 318 (5th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only

obligated to allow those complaints that are facially plausible under the <u>Iqbal</u> and <u>Twombly</u> standards to survive such a motion. <u>See id.</u> at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. <u>See id.</u>

"Although a 'pro se complaint is to be construed liberally with all well-pleaded allegations taken as true,' a pro se plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss." <u>Craig v. Bolner</u>, No. 15-00815, 2017 WL 4228757, at *1 (M.D. La. Sept. 22, 2017) (quoting <u>Johnson v. Atkins</u>, 999 F. 2d 99, 100 (5th Cir. 1993)). Furthermore, "'[e]ven a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.'" <u>Id.</u>

## II. Sovereign Immunity.

"It is well settled that 'the United States as sovereign is immune from suits save as it consents to be sued.'" <u>Moore v. Soc. Sec. Admin.</u>, No. 19-00987, 2020 WL 6552481, at *2 (W.D. La. Jan. 22, 2020) (quoting <u>Creel v. U.S.</u>, 598 F. 3d 210, 213 (5th Cir. 2010)). "'Sovereign immunity bars suits against the United States government, its departments and agencies, and its officers and employees in their official capacity.'" <u>Id.</u> (quoting <u>Williamson v. U.S. Dept. of Agric.</u>, 815 F. 2d 368 (5th Cir. 1987)). Federal courts do not have subject matter jurisdiction "to hear suits against the United States unless there has been a waiver of sovereign immunity." <u>Pride v. FEMA</u>, No. 11-22, 2012 WL 4051984, at *1 (S.D. Miss. Sept. 13, 2012) (citing U.S. v. Sherwood, 312 U.S. 584, 591, 61 S. Ct. 767, 772 (1941)).

## III. Standing.

"Standing requires the plaintiff plead an (1) injury in fact (2) fairly traceable to the challenged conduct of the defendant (3) that is likely to be redressed by a favorable judicial decision." Omoyosi v. Tex. Health & Human Servs. Comm'n, No. 20-03315, 2021 WL 2689851, at *2 (S.D. Tex. June 14, 2021) (citing Spokeo, Inc. v. Robins, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016)). Injury in fact requires a plaintiff to "'show that [she] suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."'" Id. (quoting Spokeo, 578 U.S. at 339, 136 S. Ct. at 1548) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1922))).

## IV. Title VI.

Under Title VI of the Civil Rights Act of 1964, "'[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" Manley v. Tex. S. Univ., 107 F. Supp. 3d 712, 724 (S.D. Tex. 2015) (quoting 42 U.S.C. § 2000d). A plaintiff asserting a discrimination claim under Title VI "must, among other things, 'plead facts in support of intentional discrimination.'" Id. (quoting Price ex rel. Price v. La. Dep't of Educ., 329 Fed. Appx. 559, 561 (5th Cir. 2009) (citing Alexander v. Sandoval, 532 U.S. 275, 281, 121 S. Ct. 1511 (2001))). A complaint fails to successfully state a Title VI discrimination claim if it does not "'provide specific allegations that were taken with discriminatory intent.'" Id. (quoting Muthukumar v. Univ. of Tex. at Dall., No. 10-0115, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010)).

**V. The Stafford Act.**

The Stafford Act is also referred to as the Disaster Relief Act of 1974. <u>Grose v. Napolitano</u>, 583 Fed. Appx. 334, 335 (5th Cir. 2014). "The Stafford Act authorizes [FEMA] to provide property acquisition assistance in connection with 'hazard mitigation measures which the President has determined are cost-effective and which substantially reduce the risk of future damage, hardship, loss, or suffering in any area affected by a major disaster.'" <u>Bishop v. City of Galveston</u>, 595 Fed. Appx. 372, 373 (5th Cir. 2014) (quoting 42 U.S.C. § 5170c(a)–(b)). Furthermore, the Stafford Act specifically "provides that the United States shall not be liable for 'any claim based on the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government.'" <u>People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency</u>, No. 17-107, 2019 WL 1140196, at *8 (M.D. La. Mar. 12, 2019) (quoting 42 U.S.C. § 5148).

This provision of the Stafford Act "'precludes judicial review of all disaster relief claims based upon the discretionary actions of federal employees.'" <u>Id.</u> (quoting <u>St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency</u>, 556 F. 3d 307, 318 (5th Cir. 2009) (internal quotation marks omitted)). The Stafford Act's regulations and guidance "'permit discretionary, policy-oriented choices that cannot be the basis for the court's subject matter jurisdiction.'" <u>Id.</u> at *9 (quoting <u>St. Tammany Parish</u>, 556 F. 3d at 325–26).

**VI. Analysis.**

FEMA asks the Court to dismiss Johnson's Complaint in its entirety for lack of subject matter jurisdiction under Rule 12(b)(1), or alternatively, for failure to state a claim

upon which relief can be granted under Rule 12(b)(6). <u>See</u> Record Document 18 at 1. Under Rule 12(b)(1), FEMA argues sovereign immunity precludes Johnson's discrimination claim under Title VI. <u>See</u> Record Document 18-1 at 3. Furthermore, FEMA asserts that Title VI discrimination claims cannot be brought against the federal government or its agencies. <u>See id.</u> at 4. Because Title VI does not apply to FEMA or how FEMA distributes its IA program funding, FEMA submits Johnson's Complaint should be dismissed for a lack of subject matter jurisdiction. <u>See id.</u>

Additionally, FEMA contends Johnson lacks Article III standing. <u>See id.</u> FEMA argues Johnson does not satisfy the injury in fact element because she does not allege that she suffered an injury herself; rather, she merely alleges that FEMA gives less money to a certain group of people. <u>See id.</u> at 5. FEMA asserts that the remaining two elements for standing are not satisfied either. <u>See id.</u> FEMA also points out that its IA program is a discretionary grant program and is written in permissive terms. <u>See id.</u> Thus, FEMA submits Johnson does not have a protected interest or right in receiving any IA. <u>See id.</u> at 6.

Alternatively, FEMA moves for dismissal under Federal Rule 12(b)(6). <u>See id.</u> FEMA argues that Johnson's Complaint does not allege any facts which could support a cognizable claim under Title VI. <u>See id.</u> at 8. While FEMA acknowledges her Complaint lists some dollar amounts for rental assistance and personal property, it asserts that she does not provide any explanation as to what these amounts represent. <u>See id.</u> Additionally, FEMA submits Johnson fails to state a discrimination claim under the Stafford Act for the same reasons she fails to state a discrimination claim under Title VI. <u>See id.</u> at 9.

Johnson opposes the Motions "because of due process." See Record Document 20 at 1. She argues she is "ensure[d] a right to a fair hearing before a tribunal with the power to decide the case." See id. Johnson claims, "FEMA knew that [she] was a black woman because of the demographic data of [her] application." See id. Furthermore, she claims she "knew something was wrong after [she] received only two months of rental assistance. FEMA kept denying [her] application for help." See id. She supports her arguments with a New York Times article providing, "whites higher individual assistance than blacks in black communities." See id. From this article, Johnson "believe[s] that whites were more favorable higher individual assistance." See id. Additionally, she provides that "[t]he dollar amounts represent[] rental assistance and private property damage [that] was never paid to [her]." See id. at 2. She argues the Court has jurisdiction and reasserts her claims against FEMA. See id.

The Court finds that it lacks subject matter jurisdiction to hear Johnson's claims. "[C]ourts have expressly found that the United States did not waive its sovereign immunity for claims under…Title VI…." Coleman v. Devos, No. 19-2417, 2020 WL 9219408, at *2 (N.D. Tex. Dec. 28, 2020). See Brown v. U.S. Postal Inspection Serv., No. 14-1756, 2014 WL 7072021, at *2 (S.D. Tex. Dec. 12, 2014) ("Title VI of the Civil Rights Act…does not constitute a waiver of sovereign immunity."); see also Gary v. F.T.C., 526 Fed. Appx. 145, 149 (3rd Cir. 2013) ("Title VI does not apply to federal agencies."), cert. denied, 134 S. Ct. 476 (2013) (citing Soberal-Perez v. Heckler, 717 F. 2d 36, 38 (1983) (Title VI "was meant to cover only those situations where federal funding is given to a non-federal entity, which, in turn, provides financial assistance to the ultimate beneficiary."), cert. denied, 466 U.S. 929, 104 S. Ct. 1713 (1984)). Johnson has not demonstrated that the United

States, through FEMA, has consented to be sued under Title VI. Thus, the Court lacks subject matter jurisdiction with respect to Johnson's discrimination claim under Title VI because FEMA is immune from suit. The Court also lacks subject matter jurisdiction as to Johnson's Stafford Act claim. FEMA's IA program is discretionary because it states that financial assistance may be provided. See 42 U.S.C. § 5174(a)(1); see also Verdin v. Fed. Emergency Mgmt. Agency, No. 22-531, 2023 WL 4877490, at *3–4 (M.D. La. July 12, 2023). Because the discretionary function exception applies and Johnson has not pointed to another statutory waiver of the United States's sovereign immunity that would save her claim, FEMA is immune from suit. See People's Workship, Inc., 2019 WL 1140196, at *9.

Additionally, the Court finds Johnson lacks Article III standing because she fails to satisfy the three requirements. Johnson alleges that the federal government "often gives less help to black disaster survivors than white neighbors." See Record Document 1 at 4. She claims the amount in controversy consists of the following: $16,960.00 plus for rental assistance, $24,000 for personal property, and $2.5 million for discrimination. See id. Johnson fails to adequately assert she suffered a concrete and particularized injury because she provides no evidence supporting her conclusory allegations. Furthermore, she fails to establish a causal connection between her injury and the federal government's conduct. She also cannot show that she can obtain a favorable decision that redress her injury. Johnson fails to meet all three requirements to have Article III standing.

In sum, the Court cannot exercise subject matter jurisdiction over any of Johnson's claims. FEMA is immune from suit with respect to Johnson's claims under Title VI and the Stafford Act, and Johnson does not meet the requirements to satisfy Article III standing.

Thus, all claims asserted by Johnson against FEMA are **DISMISSED WITH PREJUDICE**.[2]

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that FEMA's Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1) (Record Document 18) is **GRANTED**. All claims asserted by Johnson against FEMA are **DISMISSED WITH PREJUDICE**.

A Judgment accompanying this ruling will issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 11th day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

---

[2] Even if this Court could exercise subject matter jurisdiction, which it cannot, dismissal would still be proper under Rule 12(b)(6). Since the Court does not have jurisdiction, a lengthy discussion of Rule 12(b)(6) is not necessary. While Johnson's pro se Complaint is construed liberally, she fails to plead sufficient factual allegations that support her claims under Title VI and the Stafford Act. Her allegations are conclusory, speculative, and do not overcome dismissal.